**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STUSSY, INC., | |
| Plaintiff, | Case No. 26-cv-02870 |
| v. | **Chief Judge Virginia M. Kendall** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Daniel P. McLaughlin** |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF
A PRELIMINARY INJUNCTION**

Stussy, Inc. ("Plaintiff" or "Stussy") submits this Memorandum of Law in support of its

Motion for Entry of a Preliminary Injunction (the "Motion").

**MEMORANDUM OF LAW**

## I.      INTRODUCTION

Plaintiff Stussy, Inc. ("Plaintiff" or "Stussy") brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), and false designation of origin (Count II). As alleged in Plaintiff's Complaint [1], the Defendants are promoting, advertising, distributing, offering for sale, and selling unauthorized and unlicensed products using infringing and counterfeit versions of the STUSSY Trademarks (the "Counterfeit Products") through various fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

## II.     STATEMENT OF FACTS

On March 24, 2026, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [27]. The TRO authorized Plaintiff to provide notice of preliminary injunction hearing by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. [27] at ¶ 7. Since and pursuant to entry of the TRO, financial accounts associated with Defendants have been frozen. *See* Declaration of Kahlia R. Halpern (hereinafter, "Halpern Declaration") at ¶ 2.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part

---

[1] The e-commerce urls are listed on Schedule A to the Complaint under the Online Marketplaces.

of the Preliminary Injunction, Plaintiff requests that Defendants' financial accounts remain frozen until completion of these proceedings.

## III. ARGUMENT

### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Christian Dior Couture, S.A. v. P'ships, et al.,* No. 21-cv-04828, 2021 WL 6881868, at \*1-4 (N.D. Ill. Oct. 19, 2021); *Oakley, Inc. v. P'ships, et al.,* No. 20-cv-06676, 2020 WL 9455191, at \*1-3 (N.D. Ill. Dec. 11, 2020).

#### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.,* No. 1:01-cv-00905, 2001 WL 527404, at \*1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

ii.      The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …."  15 U.S.C. § 1116(a).

To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products and to provide notice to Defendants regarding these proceedings, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

Plaintiff also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen.  Since entry of the TRO, third party platforms have identified financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit Products.  Without a preliminary injunction, Defendants are likely to transfer financial assets to offshore accounts, and frustrate Plaintiff's ability to pursue an accounting of profits.  *See Deckers Outdoor Corp. v. P'ships, et al.*, 2013 U.S. Dist. LEXIS 205985, at *7 (N.D. Ill. Oct. 30, 2013).  Defendants' assets should, therefore, remain frozen for the remainder of the proceedings. In addition, many federal courts, including the Northern District of Illinois, have granted orders preventing the transfer of assets.  *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005).

The scope of the relief granted by the TRO remains appropriate.  This is because to "'account' ... impos[es] on a defendant the obligation to disclose and return profits from the use of the plaintiff's property."  *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014).  "The Act presumes that the infringing defendant's sales (that is, revenue) and profits are the same thing, until the defendant proves otherwise."  *Dyson Tech. Ltd. v. David 7 Store*, 132 F.4th 526, 529 (7th Cir. 2025); *see also WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008)

4

("The burden was therefore on [the defendant] to show that certain portions of its revenues ... were not obtained through its infringement of [the plaintiff's] marks"). Defendants have not provided any basis from which to apportion their profits from their gross sales. Accordingly, the funds restrained in Defendants' financial accounts remain the best available measure of their profits. *See Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009); *see also FSC Franchise Co., LLC v. Express Corp. Apparel, LLC*, 2011 U.S. Dist. LEXIS 34064, at *16-17 (M.D. Fla. Feb. 28, 2011).

Defendants have notice of this case and can "disentangle [their] revenue and profits," *Dyson*, 132 F.4th 529, by "present[ing] documentary proof that particular assets [are] not the proceeds of" their infringing sales. *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015); *see also WMS Gaming*, 542 F.3d at 608 ("when the district court in this case assumed that it had to segregate ... legitimate revenues from those that [the defendant] derived through its infringement, and that [the plaintiff] had to bear the risk of uncertainty about the proper characterization of the revenues, it erred."). As such, the scope of the requested relief remains appropriate, and Plaintiff respectfully requests an order continuing the asset restraint.

**B.      There is Good Cause to Extend the Temporary Restraining Order Until There is a Ruling on this Motion**

In the event that the Court does not rule on this Motion before the current TRO expiration date (April 7, 2026), Plaintiff also seeks to extend the TRO to maintain the status quo until there is a ruling on Plaintiff's Motion for Entry of a Preliminary Injunction. Rule 65 dictates that under ordinary circumstances, a temporary restraining order cannot exceed 14 days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-

5

45 (7th Cir. 2012). In affirming the TRO extension, the Seventh Circuit explicitly recognized that there will be cases where the maximum 28-day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id.* If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id.* at 844.

Defendants have notice of this case and this pending Motion, and have presented no evidence of hardship that would occur by keeping the TRO in place. In addition, Plaintiff respectfully submits that there is good cause to extend the TRO, since there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place, especially since Defendants have notice of this case. Specifically, Defendants will likely attempt to move any assets from their financial accounts to off-shore bank accounts without the TRO in place while this Motion is pending.

## IV.     CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

6

Dated this 31st day of March 2026.          Respectfully submitted,

/s/ Kahlia R. Halpern
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*

7