**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STUSSY, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendants*. | Case No.: 26-cv-02870<br><br>**Chief Judge Virginia M. Kendall**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**<u>DEFENDANT NIOKIT'S MOTION TO VACATE THE PRELIMINARY INJUNCTION</u>**

Defendant NIOKIT respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65 and the Court's inherent equitable authority, for an order vacating the Preliminary Injunction (Dkt. 45) as applied to NIOKIT.

## <u>ARGUMENT</u>

### I. THE PRELIMINARY INJUNCTION SHOULD BE VACATED BECAUSE PLAINTIFF HAS NOT SHOWN LIKELY IRREPARABLE HARM AS TO NIOKIT

Plaintiff bears the burden of showing that irreparable injury is likely absent injunctive relief. "Plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Speculative or theoretical injury is insufficient. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Likewise, "[n]ormally the mere payment of money is not considered irreparable" because "money can usually be

recovered from the person to whom it is paid." *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010).

Plaintiff's showing of irreparable harm as to NIOKIT is insufficient. In support of its TRO application and preliminary-injunction motion, Plaintiff asserted that it was likely to suffer reputational harm, loss of trademark exclusivity, and damage to goodwill and brand confidence. Dkt. 16 at 10; Dkt 37 at 3. Plaintiff also relied on the statutory presumption of irreparable harm under 15 U.S.C. § 1116(a). *See* Dkt. 16 at 10. But Plaintiff did not submit defendant-specific evidence showing that NIOKIT is likely to cause any continuing or irreparable injury absent an injunction.

The record as to NIOKIT is narrow. Plaintiff's own investigator purchased one allegedly infringing rug from NIOKIT through Amazon, and that single litigation-driven purchase is the only identified sale into Illinois. *See* Dkt. 35-3. Plaintiff has not identified any actual consumer confusion involving NIOKIT, any complaint from an actual purchaser, any loss of goodwill caused by NIOKIT, any lost customer, any lost sale, any market erosion, or any continuing sales by NIOKIT. Nor has Plaintiff shown that NIOKIT has made additional sales of accused products to Illinois consumers or that NIOKIT is likely to resume any allegedly infringing activity.

Nor is Plaintiff entitled to an automatic injunction based on a generalized presumption of harm. Although the Lanham Act permits a rebuttable presumption of irreparable harm upon a sufficient showing of likely success on the merits, that presumption does not eliminate the Court's duty to apply traditional equitable principles. *See* 15 U.S.C. § 1116(a). Injunctive relief is not automatic. In *eBay Inc. v. MercExchange, LLC*, the Supreme Court rejected categorical rules that automatically grant injunctions upon a finding of infringement and reaffirmed that courts must apply traditional equitable principles. 547 U.S. 388, 392–93 (2006). Courts therefore must still

consider whether the record supports injunctive relief against the particular defendant before the Court.

Here, any presumption is rebutted by the actual record. Plaintiff has identified only one sale, made to its own investigator. There is no evidence of ongoing sales, repeated consumer transactions, actual confusion, reputational injury, or continuing harm. Any monetary injury arising from the single identified transaction is readily compensable through damages. That is not irreparable harm. Because Plaintiff has not shown that irreparable injury is likely absent continued injunctive relief against NIOKIT, the preliminary injunction should be vacated as to NIOKIT.

## II. THE BALANCE OF EQUITIES FAVORS VACATING THE PRELIMINARY INJUNCTION AS TO NIOKIT

The balance of equities also favors vacatur. A preliminary injunction is an extraordinary remedy, and the Court must weigh the hardship imposed on NIOKIT against the actual injury Plaintiff is likely to suffer absent relief. On this record, the hardship to NIOKIT is concrete, while Plaintiff's claimed harm is speculative.

NIOKIT is a small foreign seller whose Amazon account and commercial operations have been restrained based on one identified investigator purchase. The injunction imposes immediate and substantial burdens on NIOKIT's business. By contrast, Plaintiff has not shown ongoing sales by NIOKIT, actual consumer confusion, continuing use of the accused listing, or any imminent injury that could not be compensated later through money damages.

The equities do not support maintaining broad injunctive restraints based on a single litigation-driven purchase where Plaintiff has not shown continuing infringement or likely irreparable harm. The purpose of preliminary relief is to prevent imminent injury, not to punish a defendant before final adjudication or to freeze lawful business activity based on speculative harm. Any harm to Plaintiff from the single identified transaction can be addressed through damages if

Plaintiff ultimately prevails. NIOKIT, however, suffers immediate business disruption from continued injunctive restraints.

Maintaining the injunction under these circumstances would impose a burden on NIOKIT far exceeding any demonstrated need for interim relief. The balance of equities therefore weighs in favor of vacating the preliminary injunction as to NIOKIT.

## III. THE PUBLIC INTEREST FAVORS VACATUR WHERE PLAINTIFF HAS NOT SHOWN ONGOING INFRINGEMENT OR LIKELY IRREPARABLE HARM.

The public interest does not favor maintaining an injunction unsupported by defendant-specific evidence of ongoing or imminent harm. To be sure, the public has an interest in protecting trademarks and preventing consumer confusion. But the public also has an interest in ensuring that preliminary injunctions are issued and maintained only when the equitable requirements are satisfied.

That interest is particularly important in Schedule A cases, where *ex parte* restraints can impose severe consequences before a defendant has a meaningful opportunity to contest relief. The public interest is not served by maintaining broad restraints against a defendant based on one investigator purchase, absent evidence of actual consumer confusion, continuing sales, ongoing infringement, or likely irreparable harm. Nor is the public served by restraining lawful business activity or freezing assets beyond what is necessary to preserve meaningful relief.

Vacatur would not deprive Plaintiff of its ability to litigate its claims or seek damages if it ultimately proves liability. It would simply restore the proper equitable balance by ensuring that extraordinary preliminary relief is not maintained without a concrete showing of likely irreparable harm. Because Plaintiff has not made that showing as to NIOKIT, the public interest favors vacating the preliminary injunction.

## CONCLUSION

For the foregoing reasons, NIOKIT respectfully requests that the Court vacate the preliminary injunction as applied to NIOKIT. Plaintiff has not shown likely irreparable harm, the balance of equities favors NIOKIT, and the public interest does not support maintaining extraordinary injunctive restraints based on a single investigator purchase and speculative allegations of harm.

June 9, 2026

Respectfully submitted,

**ANJIE BROAD LAW FIRM**

By: */s/ Zhiyu Liang*
Zhiyu Liang (*pro hac vice*)
14th Floor, North Tower, Beijing Kerry Centre
No. 1 Guanghua Road
Chaoyang District, Beijing 100020, China
Phone: +86 (10) 8567-5988
Email: liangzhiyu@anjielaw.com

**THE LAW OFFICE OF X. LYU, PLLC**

Xintong Lyu
36-36 Prince St., Suite 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: catherine.lyu@lyulawpllc.com

Jian Wang
36-36 Prince St., Suite 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

**YOUNGZEAL LLP**

Tianqin Zhao
9355 John W. Elliott Dr., Suite 25555
Frisco, Texas 75033
Phone: (585) 748-3732
Email: zhao@yzlaw.com

*Attorneys for Defendant NIOKIT*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 9, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/ Zhiyu Liang*
Zhiyu Liang