**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

STUSSY, INC.,

        Plaintiff,

    v.

A1ILDRDTFXBA1, et al.,

        Defendants.

Case No. 26-cv-02870

**Chief Judge Virginia M. Kendall**

**Magistrate Judge Daniel P. McLaughlin**

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER PERMITTING EXPEDITED DISCOVERY AND TO STAY SUCH DISCOVERY [75]</u>

Plaintiff Stussy, Inc. ("Plaintiff") responds in opposition to Defendant NIOKIT's (Def. No. 20) ("Defendant") Motion to Reconsider Order Permitting Expedited Discovery and to Stay Such Discovery (the "Motion"). [75]. Plaintiff's first sets of discovery requests are properly tailored to the scope of the expedited discovery authorized by the Temporary Restraining Order ("TRO") [27] and Preliminary Injunction Order [45] ("PI"). Plaintiff is also entitled to discovery on this information under the standard timelines provided by the Federal Rules of Civil Procedure and to depose Defendant. Defendant refused to participate in a Rule 26 conference, and the Parties did not prior to filing this Motion, which has caused many of the issues identified in its Motion. Fact discovery is still open and should proceed in the ordinary course. Defendant's Motion does not unilaterally suspend Defendant's obligations to participate in discovery and to comply with the Federal Rules of Civil Procedure. As such, discovery should not be stayed and the Motion should be denied.

## FACTUAL AND PROCEDURAL BRACKGROUND

Defendant is a China-based individual or business entity of unknown makeup[1] operating the Amazon.com, Inc. ("Amazon") e-commerce store under the alias NIOKIT (the "Seller Alias"). *See* [19] at 64-66. Defendant targets sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars from U.S. consumers, and has sold product using infringing and counterfeit versions of the STUSSY Trademarks (the "Counterfeit Product") to residents of Illinois. *See* Figure 1; *See also* [1] at ¶ 20; [3-1] at 64-66; *see also* **Exhibit 1 and 2**, Declaration of Kahlia Halpern (Halpern Decl.) at ¶ 2-3.

---

[1] On July 6, 2026, Defendant filed a Notification of Affiliates pursuant to Fed. R. Civ. P. 7.1 and Local Rule 3.2, however, it does not clarify the business entity makeup or confirm the identity of the affiliate. *See generally* [83].

| Defendant's Product Listing |
| --- |
|  |
| **Received Product** |

*Figure 1*

On March 24, 2026, the Court entered a Temporary Restraining Order [27] ("TRO"). The TRO, among other things, enjoined Defendant from further infringing the STUSSY Trademarks. [27] at ¶ 1. The TRO also ordered Amazon to restrain Defendant's financial accounts and provide all known contact information for Defendant. *Id.* at ¶¶ 2, 3-5.

On March 30, 2026, pursuant to the TRO, Amazon provided Plaintiff with Defendant's e-mail address of sallymz@outlook.com. Halpern Decl. at ¶ 4. Amazon also provided limited sales data for the specific Amazon Standard Identification Number ("ASIN") linked to the infringing listing showing that Defendant sold 1 unit in connection with the Counterfeit Product totaling $93. *Id.* While Amazon originally indicated that there was $2,046.91 restrained in Defendant's Amazon account, Amazon has now reported that the amount has decreased to $1,453.02. *Id.*

The TRO also authorized Plaintiff to issue expedited discovery requests and ordered Defendant to respond to Plaintiff's expedited discovery requests within three business days of service. [27] at ¶ 6.

On March 31, 2026, pursuant to Paragraph 6 of the TRO [27], Plaintiff served discovery requests on Defendant, with responses due April 3, 2026. Halpern Decl. at ¶ 5. On April 7, 2026, Defendant objected to nearly every request on the basis of its pending Motion to Dismiss. *Id.* On June 3, 2026, Plaintiff requested, in light of the Motion to Dismiss being denied [69], that Defendant provide supplemental discovery responses. *Id.* at ¶ 6. Plaintiff also concurrently requested a Local Rule 37.2 Meet and Confer conference to be held on June 8, 2026. *Id.* Defendant claimed it was premature to raise a dispute over expedited discovery, yet indicated that it would provide supplemental responses to Plaintiff's Discovery Requests on June 9, 2026. *Id.* Defendant suggested that if Plaintiff wanted to "still hold a conference," Defendant would be available on June 10, 2026, or the following day. *Id.* Plaintiff received Defendant's supplemental responses on

4

June 9, 2026. Halpern Decl. at ¶ 6.  However, Plaintiff identified several deficiencies, which were outlined in a letter to Defendant dated June 11, 2026. *Id*. Therein, Plaintiff requested that the Local Rule 37.2 meet-and-confer be held on June 15, 2026. *Id*. at ¶ 7.  Due to Defendant's availability, the parties agreed to hold, and held a Local Rule 37.2 meet-and-confer conference on June 18, 2026. *Id.* Defendant made no mention of any intention to file Defendant's Motion and did not attempt to hold an earlier meet and confer in light of issues raised in Defendant's Motion. *Id.* Plaintiff also attempted to hold a Rule 26(f) conference at the same time as the meet-and-confer, however, Defendant refused to participate absent a Court order. *Id*. at ¶ 8. Before the conference, Defendant filed the Motion. *Id*. at ¶ 7.

On June 11, 2026, Plaintiff served Defendant with a Notice to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). *Id*. at ¶ 10.  The deposition was scheduled for June 29, 2026, with Defendant appearing remotely from a location with Hong Kong. *Id.* As of the date of this filing, no deposition has taken place.

**ARGUMENT**

**I.      The Parties Did Not Confer Prior to Defendant's Motion**

As an initial matter, Defendant's Motion was filed on June 17, 2026, before the Parties held their Local Rule 37.2 meet-and-confer conference. *See generally,* [75]; Halpern Decl. at ¶ 7. Pursuant to the Court practices for discovery, "[t]he Court believes that parties can and should work out most discovery disputes and discourages the filing of discovery motions" and "[t]he Court will not hear or consider any discovery motion unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2."[2] Defendant's Motion does not contain any statement on compliance with Local Rule 37.2 and Defendant did not attempt to meet and confer

---

[2] *See* Discovery, https://www.ilnd.uscourts.gov/judge_display.php?LastName=Kendall (Last visited June 29, 2026).

5

with Plaintiff before filing the Motion. For this reason alone, Defendant's Motion should be denied.

## II. Defendant Has No Basis For Reconsideration

Defendant's Motion notes that "[r]econsideration is appropriate to 'correct manifest errors of law or fact' or to account for new evidence or controlling law." [75] at 8. Defendant, however, does not identify the basis for reconsideration. Defendant's Motion does not even specify exactly what it is asking the Court to reconsider. *See generally* [75]. Defendant repeatedly cites Docket No. 26 in its Motion. *Id.* Minute Entry [26], merely states, in relevant part: "Plaintiff's Motion for Temporary Restraining Order [15] is granted. Sealed Order to follow. Temporary Restraining Order shall remain in effect up to and including 4/7/2026. Plaintiff's Motion for electronic service of process [20] is granted." Defendant's does not mention the Temporary Restraining Order [27] ("TRO") or the Preliminary Injunction Order [45] ("PI"). It is unclear whether Defendant reviewed Paragraph 6 of the TRO or PI which outlined the scope of the permitted expedited discovery.

## III. The Requested Discovery is Necessary, Relevant, and Tailored to the Scope of the Court-Ordered Discovery.

Under the Federal Rules of Civil Procedure, plaintiffs are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]equests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Courts look unfavorably to restrictions placed on discovery. *See Id.*

6

If objecting to a request, the burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450; *see also Yessenow v. Hudson*, 270 F.R.D. 422, 427 (N.D. Ind. 2010) ("The objecting party must show with specificity that the request is improper.").

If a responding party maintains a request is overly broad, it must still respond and "produce any responsive documents to which the requesting party is clearly entitled, explain the scope of that production, and then state unequivocally that additional responsive documents are being withheld based on the overbreadth objection." *Midkiff v. Navient Sols., Inc.*, 2021 WL 3810356, at *10 (S.D. Ind. Aug. 26, 2021). "Producing only those documents that are deemed helpful to the producing party's litigation position—parsing out the bad from the good—is, of course, impermissible. A litigant cannot limit its discovery so as to ascribe unto itself the role of judge and jury." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 378 (S.D. Ind. 2009).

Defendant argues that "Plaintiff's expedited discovery should be stayed because Plaintiff is using a narrowly justified expedited-discovery order as a vehicle for broad merits discovery." [75] at 5. Defendant also claims that "Plaintiff obtained expedited discovery on the representation that such discovery was necessary to identify defendants and financial accounts so that assets could be preserved" and "Plaintiff's demand for discovery into foreign financial accounts and foreign sales activities exceeds both the scope of the expedited-discovery order and the territorial reach of the Lanham Act." [75] at 5.

However, Plaintiff's Discovery Requests are properly tailored to the scope of the expedited discovery authorized by the TRO. Specifically, Interrogatory Nos. 1-9 and RFP Nos. 1-6, and 8-10 are all related to Defendant's identity and location, the nature of Defendant's operation and all associated sales, financial information, methods of payment, and seek an accounting of

Defendant's sales and listing history. **Exhibit 3**, Halpern Decl. at ¶ 5. *See also* Transcript of August 23, 2023, Motion Hearing at 2:16-3:14, *Pit Viper, LLC v. The P'ships*, *et al.*, 23-cv-03609 (N.D. Ill. Aug. 23, 2024) (unpublished) (Kennelly, J) (ECF No. 67); *Pit Viper LLC v. The P'ships*, *et al*, No. 23-cv-03612 (N.D. Ill. Nov. 22, 2023) (unpublished) (Jantz, M.J.) (ECF No. 146).

Here, Defendant's filings rely on statements and information about Defendant's identity, the nature of Defendant's operations and associated sales, and identification of its financial accounts. *See, e.g*., [75] at 1-2, 5-7,. Yet, Defendant refuses to substantiate its representations. *See Nat'l Van Lines v. First Nat'l Van Lines, Inc.*, 2023 U.S. Dist. LEXIS 89751, at *5 ("merely saying something is so does not make it so"). Neither Plaintiff nor the Court can evaluate the veracity of these assertions, which underscores the need for the responses to the Court-ordered discovery.

Information about Defendant's sales and financial accounts are "plainly relevant to the claims at issue here." *Luxottica Grp. S.p.A., et al. v. Yiwu Cujia Trade Co., et al.*, 2023 WL 6520213, at *2 (N.D. Ill. Oct. 5, 2023); *see also Banister v. Firestone,* 2018 U.S. Dist. LEXIS 151180, at *28-29 (N.D. Ill. Sept. 5, 2018) ("information about the accounts is directly relevant … Plaintiff is seeking to obtain lost profits as part of this lawsuit, and he is entitled to information about these accounts."); *Luxottica USA LLC v. P'ships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *6-7 (N.D. Ill. June 18, 2015) ("Courts may look to the size and scope of a defendant's operations to determine a baseline for damages."). This is not limited to Defendant's U.S. activities. *See Rockwell Automation, Inc. v. Parcop S.R.L.*, 2023 WL 4585952, at *2 (D. Del. July 18, 2023); *see also Geigtech E. Bay LLC v. Lutron Elecs. Co.*, 2024 U.S. Dist. LEXIS 2774, at *14 (S.D.N.Y. Jan. 5, 2024).

Defendant likewise argues that Plaintiff's Discovery Requests are overbroad and seek information concerning products that "Plaintiff has not accused of infringement, and that do not

8

form the basis for Plaintiff's Complaint, preliminary injunction, or asset-restraint theory…." [75] at 7. Even if any request was overbroad, Defendant needs to "show with specificity that [any] request is improper." *Yessenow v. Hudson*, 270 F.R.D. 422, 427 (N.D. Ind. 2010); *see also Midkiff v. Navient Sols., Inc*, 2021 WL 3810356, at *10 (S.D. Ind. Aug. 26, 2021). For example, Defendant does not explain why the information sought would be difficult to obtain, that it would span an unreasonable period of time, or is otherwise disproportionate to this case. *See generally* [75].

Additionally, all listings have been removed from Defendant's Amazon storefront and so Plaintiff cannot review and/or identify other infringing products. Halpern Decl. at ¶ 11; *see also Figure 2*. "…[A]ccessing the current public listings does not provide Plaintiff with the *history* of Defendant's listings, which the District Court allowed discovery on[,] nor would it provide information about the number of items sold, where the items were sold, or the revenue generated from such sales." *Pit Viper LLC v. The P'ships*, *et al*, No. 23-cv-03612 (N.D. Ill. Nov. 22, 2023) (unpublished) (ECF No. 146 at 4).



*Figure 2*

(Defendant's Amazon Storefront as of July 2026)

Given the foregoing, Plaintiff's Discovery Requests are necessary, relevant, and tailored to the scope of the Court-ordered discovery, and Defendant's Motion should be denied.

## IV.    Defendant is Obligated to Participate in the Rule 26 Discovery Process

Pursuant to Fed. R. Civ. P. 26(f)(1), "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." "While a court has the authority to oversee the discovery conference, the responsibility for organizing such a conference lies with the parties." *See USA Gymnastics v. Liberty Ins. Underwriters, Inc.,* 27 F.4th 499, 514 (7th Cir. 2022) (noting that under Fed. R. Civ. P. 26(f)(2): "The attorneys of record ... are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.")

Defendant's Motion repeatedly states that discovery issues "…should be addressed through ordinary Rule 26 discovery after a Rule 26(f) conference, an appropriate discovery schedule, proportionality limits, and any necessary protective order." [75] at 2, 7, 10, and 13. However, Plaintiff attempted to conduct a Rule 26(f) conference, but Defendant refused to participate. Halpern Dec. at ¶ 7. Defendant has made no effort to conduct a Rule 26(f) conference at any point after Plaintiff's attempt, and indicated that it will not participate, absent a Court order. *See generally* [75], Halpern Decl, at ¶¶ 8-9..

Nonetheless, Defendant's Motion does not request a Court order setting a deadline for the Parties to confer or for discovery to occur. *See generally* [75]. Rather, Defendant's Motion merely

10

suggests that the Court direct discovery to occur under the "…ordinary Rule 26 process," a process of which Defendant has refused to engage. [75] at 14. Similarly, Defendant's Motion references a "necessary protective order" for discovery to be conducted. [75] at 4, 7, and 13. Yet, Defendant has made no effort to seek a protective order. Defendant should seek to resolve its discovery contentions through more appropriate means, such as cooperating with Plaintiff in conducting a Rule 26(f) conference, and seeking a confidentiality order if it believes it to be necessary.

### V.      Plaintiff is Entitled to a Rule 30(b)(6) Deposition

Defendant claims that any deposition should proceed "…only through the ordinary Rule 26 process after the parties confer, address proportionality, define the scope of claims and counterclaims, and adopt appropriate procedures for ESI, confidentiality, and deposition scheduling." [75] at 8. Defendant has since refused to conduct a Rule 26(f) conference or continue participating in discovery. Halpern Decl. at ¶ 9. The only reason the Parties have been unable to confer is Defendant's unwillingness to do so.

Plaintiff maintains that it is entitled to depose Defendant. Plaintiff believes that such deposition can, and should, occur with cooperation and coordination among the Parties through the "ordinary Rule 26 process," without requiring the Court's intervention. Defendant's Motion should be denied.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion [75] should be denied.

11

Dated this 15th day of July 2026.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy Inc.*

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy Inc.*

13