**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

STUSSY, INC.,

        Plaintiff,

        v.

A1ILDRDTFXBA1, et al.,

        Defendants.

Case No. 26-cv-02870

**Chief Judge Virginia M. Kendall**

**Magistrate Judge Daniel P. McLaughlin**

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Stussy, Inc. ("Plaintiff") moves this Honorable Court to award Plaintiff's attorneys' fees that were incurred in connection with responding to Defendant NIOKIT's (Def. No. 20) ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) [34] ("Defendant's Motion"), which was denied as meritless on June 1, 2026. [69]. The arguments in Defendant's Motion were not warranted by existing law, and Defendant's Motion was filed for the improper purpose of driving up litigation fees. Fed. R. Civ. P. 11(b)(2). Specifically, the exact arguments in Defendant's Motion were rejected by the Seventh Circuit in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022), which Defendant did not cite or apply. [34]. Defendant was aware its arguments were meritless but refused to withdraw or correct its Motion or otherwise acknowledge the controlling *NBA Props*. decision. *Id.* Plaintiff had to respond to Defendant's arguments that were already identical to those rejected by controlling Seventh Circuit law. The Court confirmed Defendant's Motion was meritless, stating, among other things, that "NIOKIT's positions are virtually identical to those the Seventh Circuit considered and rejected in *NBA*." [69] at 10. Following the denial of Defendant's Motion [34] [69], Defendant has continued to flood the docket with multiple filings and has forced this case to continue as to

Defendant, the only remaining defendant in this case. This conduct has likewise frustrated multiple attempts by Plaintiff to settle this case.

Plaintiff respectfully requests that the Court award attorneys' fees that were incurred in connection with responding to Defendant's Motion, in the amount of $8,213.50, from Defendant and its counsel. In support, Plaintiff states as follows:

**<u>INTRODUCTION AND BACKGROUND</u>**

Defendant's Motion was filed on March 31, 2026. [34]. On April 2, 2026, pursuant to Fed. R. Civ. 11, Plaintiff notified Defendant's counsel in writing that it was undisputed that Defendant operated an Amazon e-commerce store that targeted, offered for sale, and sold a product bearing counterfeit versions of the STUSSY trademarks, including Reg. Nos. 6,885,821, 7,115,443, and 5,291,490 (the "Counterfeit Product") to an Illinois resident. Declaration of Kahlia R. Halpern (the "Halpern Decl.") at ¶ 2. At the same time, Plaintiff alerted Defendant's counsel that the arguments in Defendant's Motion were rejected by the controlling decision in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022), which Defendant did not cite or apply. *Id.* Since the arguments in Defendant's Motion were not warranted by existing law, and to prevent further motion practice on meritless arguments, Plaintiff requested that Defendant's counsel withdraw Defendant's Motion. *Id.* In response, on April 3, 2026, Defendant's counsel indicated that they would not withdraw Defendant's Motion and refused to acknowledge the controlling *NBA Props.* decision. *Id.* at ¶ 3. Later that day, Defendant also filed an Answer to Plaintiff's Complaint. [41]. Plaintiff filed its Response in Opposition to Defendant's Motion [55], and Defendant filed a Reply [56] on May 4, 2026.

On June 1, 2026, the Court denied Defendant's Motion, finding, among other things, that "[n]early all of NIOKIT's arguments rest on a misapplication of how the Court analyzes contacts

for personal jurisdiction." [69] at 5. The Court further confirmed that "[t]he facts here and all of NIOKIT's arguments are virtually identical to those in *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 627 (7th Cir. 2022)" and that "[t]he Seventh Circuit squarely rejected these positions." *Id.* at 4. Accordingly, this Court found Defendant's arguments to be meritless. *Id.*

Despite the time and effort Plaintiff expended responding to arguments that were virtually identical to those rejected by the Seventh Circuit, Plaintiff again attempted to resolve this matter and avoid this Motion by reinitiating settlement discussions. Halpern Decl. at ¶ 4. On June 18, 2026, the parties held a Local Rule 37.2 meet-and-confer conference via telephone to discuss Defendant's deficient discovery responses in light of the denial of Defendant's Motion, and potential settlement. *Id.* at ¶ 4. Since Defendant allegedly has low sales numbers and a small amount of assets restrained, Plaintiff offered to settle for $1,000 (one thousand dollars), the statutory damages minimum. *Id*. at ¶ 5. In response, Defendant refused to settle for $1,000, is refusing to participate in fact discovery, and has caused the parties to be at an impasse. *Id*. at ¶ 5.; *see also* [75] at 11.

## <u>ARGUMENT</u>

### I.      **Legal Standard**

A court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct. *Ramirez v. T&H Lemont*, Inc., 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 46-50, 111 S. Ct. 2123, 2134-36, 115 L. Ed. 2d 27 (1991)).  A district court's inherent power to sanction for violations of the judicial process is permissibly exercised not merely to remedy prejudice to a party, but also to

reprimand the offender and "deter future parties from trampling upon the integrity of the court." *Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 797 (7th Cir. 2009) (citations omitted).

Federal Rule of Civil Procedure 11(c)(1) provides that sanctions may be imposed on "…any attorney, law firm, or party…" that violates Rule 11(b) or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). If warranted, "…the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The motion must be served on the opposing party but not filed with the court unless the challenged paper is not withdrawn or appropriately corrected within 21 days after service. *Id.* The Seventh Circuit has adopted the "substantial compliance" theory. *See Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 808 (7th Cir. 2003) (finding that defendants "complied substantially" with Rule 11(c) when they sent opposing counsel "a 'letter' or 'demand' rather than a 'motion.'"). Accordingly, in the Seventh Circuit, sending a letter or other informal communication to opposing counsel, rather than formally serving a motion for sanctions, is sufficient to meet the safe harbor requirement, provided that the opposing party is given adequate notice and an opportunity to correct or withdraw the challenged conduct within the 21-day period. *See McGreal v. Vill. of Orland Park,* 928 F.3d 556, 559 (7th Cir. 2019).

## II.    Defendant's Motion Violated Rule 11

As stated above, Plaintiff notified Defendant's counsel of Rule 11 violations on April 2, 2026. Halpern Decl. at ¶ 2. Plaintiff explained that the arguments in Defendant's Motion were not warranted by existing controlling Seventh Circuit law and that Defendant's Motion was filed for the improper purpose of driving up litigation fees. *Id.* Specifically, Defendant's Motion failed to cite or apply controlling Seventh Circuit case law, which confirms that personal jurisdiction was proper as to Defendant. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022); *see also*

4

Halpern Decl. at ¶ 2. Moreover, LinLin Xu's signed declaration admitted to completing a transaction involving the Counterfeit Product with an Illinois resident. [35] at ¶ 5. Defendant's Motion was not withdrawn or corrected within 21 days after service of Plaintiff's notice. Halpern Decl. at ¶ 3.

Due to Defendant's frivolous arguments, refusal to acknowledge controlling Seventh Circuit authority, and refusal to withdraw Defendant's Motion, Plaintiff was required to expend time and effort responding to Defendant's Motion. [55]. In its Reply, Defendant also attempted to introduce new arguments and reframe this case as a "stream of commerce case." *See* [57]; *see also* [69] at 9.

The Court denied Defendant's Motion stating that Defendant's "…positions are virtually identical to those the Seventh Circuit considered and rejected in *NBA*." *See* [69] at 10. The Court also rejected the new argument raised in Defendant's Reply, stating "[t]his is not a stream of commerce case…," "NIOKIT put its goods on Amazon.com and sold them directly to Illinois. Any reliance on the stream of commerce line of law is misplaced; this case falls under the purview of the direct-to-consumer scenario the court in *NBA Props., Inc. v. HANWJH,* 46 F.4th 614 (7th Cir. 2022) addressed. (See also Dkt. 57 at 4-10)." [69] at 9. As such, Defendant's Motion, and Defendant and Defendant's counsel's conduct, violated Rule 11(b)(1) and (2). An award of attorneys' fees is reasonable, and Defendant and Defendant's counsel should be held jointly liable for such award.

### III.    Plaintiff's Request for Attorneys' Fees is Reasonable

Plaintiff seeks $8,213.50 in attorneys' fees incurred to respond to Defendant's Motion. Halpern Decl. at ¶¶ 6-9.  "To determine a reasonable fee, the district court uses the lodestar method, multiplying the number of hours reasonably expended on the litigation . . . by a reasonable hourly

rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (internal quotations and citations omitted). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Id*.

Plaintiff seeks compensation for time spent responding to Defendant's Motion. Halpern Decl. at ¶¶ 6-9. Furthermore, Plaintiff's requested fee award is based on reasonable hourly rates. "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Eagle F. v. Phyllis Schlafly's Am. Eagles*, 498 F. Supp. 3d 1024, 1047 (S.D. Ill. 2020) citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639-40 (7th Cir. 2011). "Once an attorney provides evidence of [their] billing rate, the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.'" *People Who Care v. Rockford Bd. of Educ.*, School Dist. No. 205, 90 F.3d 1307, 1313 (7th Cir. 1996) (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993)). Plaintiff seeks billing rates that are both the actual rates charged in this case, and the same rates these attorneys charge for similar work in other cases for the four attorneys who performed the work in this case. Halpern Decl. at ¶¶ 6-10.

| Attorney | Year of Experience | Total Hours | Billing Rate |
|---|---|---|---|
| Justin R. Gaudio, Shareholder | 17 | 1.3 | $625 |
| Allyson M. Martin, Partner | 12 | 5 | $425 |
| Kahlia R. Halpern, Associate | 5 | 18 | $215 |
| Madeline Halgren, Associate | 1.5 | 7 | $185 |

6

For the foregoing reasons, Plaintiff respectfully requests that this Court award attorneys' fees in the amount of $8,213.50 jointly from Defendant and Defendant's counsel.

Dated this 15th day of July 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to all attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*

8