**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STUSSY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>A1ILDRDTFXBA1, et al.,<br><br>Defendants. | Case No. 26-cv-02870<br><br>**Chief Judge Virginia M. Kendall**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

Plaintiff Stussy, Inc. ("Plaintiff") submits this reply in support of its motion for attorneys' fees [89]. Plaintiff is not seeking sanctions because Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) was unsuccessful. Rather, Plaintiff seeks an award of attorneys' fees because the arguments in Defendant's Motion were frivolous, Defendant knew the arguments were meritless, and Defendant refused to withdraw or correct its Motion. *See Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957-58 (7th Cir. 2020) ("Needle P.C. was not sanctioned because its position turned out to be wrong, but because it was 'frivolous, disregarding what anyone having taken a first-year contracts class could identify as the pivotal legal issues' and 'utterly devoid of merit.'"). "The facts here and all of [Defendant's] arguments are virtually identical to those in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 627 (7th Cir. 2022)" and "[b]ound by that decision, the Court finds that [Defendant's] arguments are meritless." [69] at 4.

Defendant argues that its Motion was filed in "…good faith to distinguish, narrow, preserve a challenge to, or seek development of existing law…" *See* [96] at 5. Defendant likewise argues that Plaintiff seeks to penalize Defendant for "…arguments for legal evolution" which were ultimately unsuccessful. *Id.* However, Defendant's Motion failed to cite, discuss, or distinguish

*NBA Properties. See generally* [55]. Defendant was aware of the controlling authority before briefing concluded, and Defendant acknowledges that it did not seek to withdraw or correct its Motion. *See* [96] at 6. Defendant's Response now claims that it believed *NBA Props.* to be distinguishable from the outset, and that "…distinction rejected is not the same thing as a precedent ignored." [96] at 6. However, Defendant still should have cited and distinguished this case in its Motion. *See Brunt v. Seiu*, 284 F.3d 715, 721 (7th Cir. 2002) (finding sanctions were unwarranted against party who "did attempt to distinguish their case" from binding case law). On reply, Defendant for the first time cited *NBA Props.* but argued that Plaintiff's interpretation was inaccurate and did not attempt to distinguish the facts. [57] at 6-9. Defendant cannot ignore existing law because it does not agree it applies.

Defendant also attempts to characterize its Motion as an offering of a different interpretation of the existing law. [96] at 9. Defendant contends that the question was "…whether NIOKIT had a nonfrivolous constitutional basis for arguing that *NBA Properties* should not be extended into a categorical rule whereby a single litigation-generated transaction invariably establishes purposeful availment." [96] at 7. However, as repeatedly stated, Defendant's Motion did not cite, discuss, mention, distinguish, or even reference *NBA Properties.* Defendant cannot reasonably argue that it was trying to argue that *NBA Properties* should not be extended into a categorical rule when it did not mention the case.

Plaintiff is not trying to penalize Defendant for an unsuccessful argument. Rather, Plaintiff seeks attorneys' fees because Defendant did not acknowledge existing controlling law which made its arguments under identical facts meritless and Defendant made no effort to withdraw or correct Defendant's Motion after it was made aware of the precedent. *See generally* [89]. Plaintiff was forced to respond to already rejected arguments that Defendant lacked an objectively reasonable

basis to assert in the first place. Defendant's Motion was not "advocacy" and Defendant did not merely file "…one jurisdictional motion at the outset of the case raising a constitutional limitation on the Court's authority over a foreign defendant." *See* [96] at 6.. Instead, Defendant filed a Motion with arguments that it knew were rejected under virtually identical facts. Such conduct violates Rule 11 and sanctions, such as attorneys' fees, are warranted. Fed. R. Civ. P. 11(b)(2).

Dated this 19th day of August 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to all attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*