**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STUSSY, INC.,

Plaintiff,

v.

A1ILDRDTFXBA1, et al.,

Defendants.

Case No. 26-cv-02870

**Chief Judge Virginia M. Kendall**

**Magistrate Judge Daniel P. McLaughlin**

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS [93]**

Plaintiff Stussy, Inc. ("Plaintiff" or "Stussy") submits the following reply in support of its Motion to Dismiss Defendant's Counterclaims [93] ("Motion"). In further support of its Motion, and in reply to Defendant NIOKIT's (Defendant No. 20) ("Defendant") Opposition to Plaintiff's Motion [97] (the "Response"), Plaintiff states as follows.

## INTRODUCTION

Defendant's Counterclaims fail to state any causes of action and should be dismissed. Defendant spends a lot of its Response creating "straw man" arguments not made by Plaintiff instead of refuting Plaintiff's actual arguments. This only creates confusion at this stage of the pleadings. Defendant's Counterclaims seek declaratory relief that is duplicative of the Complaint and fail to include allegations that Plaintiff's specific mark and depiction of an 8-ball is invalid. Just because other parties use other 8-ball designs does not mean Plaintiff's mark is ornamental, not distinctive, or fails to function as a trademark. Finally, the *Noerr-Pennington* Doctrine can be applied to Defendant's Counterclaims at the motion to dismiss stage. Defendant has only alleged Plaintiff filed a complaint to enforce its trademark rights and sought relief, and cannot try to fit

that conduct into an "unfair competition" theory now. Given the foregoing, and as further demonstrated below, Plaintiff respectfully requests that this Court grant the Motion and dismiss Defendant's Counterclaims.

## ARGUMENT

### I. DEFENDANT'S COUNTERCLAIMS I-II SHOULD BE DISMISSED

#### *a. Requesting a Finding of Invalidity is Duplicative of Plaintiff's Complaint*

Defendant requests a declaratory judgment that Defendant has not infringed Reg. Nos. 6,885,821, 7,115,443, and 5,291,490 and that the same registrations are invalid and/or unenforceable as asserted against Defendant. [82] at 17. Plaintiff specifically requested that "Counts I and II of Defendant's Counterclaims be dismissed *to the extent that they seek declaratory judgment*." [93] at 4 (emphasis added). Plaintiff did not argue that Defendant's request for cancellation of the registrations is duplicative of Plaintiff's Complaint – those allegations fail for other reasons. *See infra*. Defendant spends multiple pages addressing an argument Plaintiff did not make. [97] at 3-5. As such, Section I.A of the Response can be disregarded.

#### *b. Counterclaims Counts I and II Do Not Plausibly Allege Invalidity*[1]

Defendant's Response argues that it "…need only allege sufficient factual matter, accepted as true, to permit a reasonable inference that the asserted registrations are subject to cancellation on the pleaded grounds." [97] at 7. Defendant claims that it pleads "…considerably more than the conclusory allegations Stussy attributes to it." *Id*. at 8. However, Defendant's Counterclaims Counts I and II offer no facts connecting the conclusions that Plaintiff's specific 8-Ball mark is "ornamental," "lacks distinctiveness," and "fails to function."

[1] Plaintiff's Motion does not assert that Counts I and II are unavailable for Registration Nos. 6,885,821 and 7,115,443, so Section I,B.1 of Defendant's Response is irrelevant.

Instead, Defendant lumps together several registrations and merely asserts conclusory, generalized statements such as "[a] billiard 8-ball is common and widely recognized design motif," "[c]onsumers are accustomed to encountering billiard 8-ball designs as decoration, product subject matter, style, or cultural expression rather than as a source identifier," or "…because the asserted marks lack distinctiveness and because Stussy cannot claim exclusive rights in ordinary decorative uses of a common billiard 8-ball motif." [82] ¶¶ 43-49. Defendant contends that these are a "combination of facts concerning the common and longstanding nature of the 8-ball motif, widespread third-party use, its decorative significance in popular culture, the manner of which consumers encounter the motif, and the resulting absence of source-identifying significance." [97] at 9. However, these statements contain no specific facts or allegations as to the specific mark owned by Plaintiff or any specific goods covered by any specific registration. Plaintiff is not trying to claim exclusive rights in 8-ball imagery, as Defendant suggests. Plaintiff has trademark rights in a specific image of an 8-ball for specific goods. Just because other parties use other 8-ball designs does not mean Plaintiff's mark is ornamental, not distinctive, or fails to function as a trademark. Plaintiff is not asking for a "merits determination" that consumers perceive its particular 8-ball designs as source-identifying. *See* [97] at 9. Defendant has only identified generally that billiard 8-ball imagery is used by other parties. Plaintiff is only asking the Court to determine at the pleading stage that these allegations are not enough.

As such, Plaintiff maintains that Defendant has failed to adequately plead Counterclaim Counts I and II and, therefore, both Counts should be dismissed.

## II. COUNTERCLAIM COUNT III SHOULD BE DISMISSED

### *a. Defendant's Counterclaim Count III is barred by the Noerr-Pennington doctrine.*

Defendant's Counterclaim Count III focuses entirely on Plaintiff's enforcement actions, including the purchase of the counterfeit product offered for sale and sold by Defendant to Plaintiff, filing the Complaint, and obtaining injunctive relief. [82] at ¶¶ 65-72. Initiating and prosecuting a trademark infringement action is the type of activity protected by the *Noerr-Pennington* doctrine. As such, Defendant's Counterclaim Count III should be dismissed.

Defendant's Response argues that the *Noerr-Pennington* doctrine cannot be applied at the pleading stage. However, according to the court in *Int'l Star Registry of Illinois, Ltd.,* a motion to dismiss invoking the *Noerr-Pennington* doctrine can reach the merits, if "…all facts necessary to the affirmative defense clearly appear on the face of the complaint." *See Int'l Star Registry of Ill., Ltd. v. RGIFTS Ltd.,* 2025 U.S. Dist. LEXIS 190217, at *15-16 (N.D. Ill. Sep. 26, 2025). Defendant's own Counterclaim Count III establishes that the challenged conduct was litigation-related, the alleged injury arose from Plaintiff filing a lawsuit and obtaining injunctive relief, and that its claims are based upon Plaintiff's enforcement of its trademark rights. [82] at 15-16.

As such, Defendant cannot reasonably allege that Plaintiff's suit was a sham lawsuit, nor could it reasonably allege that Plaintiff's suit was an objectively meritless action initiated without a pre-suit investigation with a subjective intent of coercing settlement and to disrupt a competitor's business operations. Thus, all facts necessary to invoke the *Noerr-Pennington* doctrine appear on the face of complaint, and Defendant's counterclaim is barred and must be dismissed.

### *b. Defendant fails to adequately plead Unfair Competition Under Illinois Law.*

Plaintiff maintains that Counterclaim Count III should also be dismissed as Defendant fails to state a claim of unfair competition. Defendant's Response argues that Plaintiff improperly relies

on application the elements of a Lanham Act false-advertising claim to Counterclaim Count III. However, Counterclaim Count III only generally alleged it was brought under "Illinois common law" and 815 ILCS 510/2 (the "UDTPA"). Counterclaim Count III does not identify which subsection of 815 ILCS 510/2 Defendant contends Plaintiff violated. Nor does Defendant allege any false, misleading, or deceptive representation concerning goods that could plausibly fall within the scope of UDTPA. Defendant's argument mischaracterizes Plaintiff's Motion, which does not rely on the standard for Section 43 and applies the UDTPA. [93] at 10-11.

Defendant's Counterclaim Count III focuses on Plaintiff's enforcement efforts and relief obtained. [82] at 15-16.Defendant's Response now also alleges that Plaintiff has engaged in "commercial interference" and that a "broader framework" applies that "escape[s] definition." [97] at 13. However, Defendant only specifies that it encompasses interference with third party relations, or conduct that shocks judicial sensibilities and violates standards of commercial morality. [97] at 13. Defendant does not explain how its allegations fit into such theories. Defendant cannot just say that it is "difficult to determine what elements are required in order to prove such a claim" and expect its claim to survive. [97] at 13.

In sum, Defendant's allegations are based upon Plaintiff's assertion of its trademark rights and the asset restraint that was imposed by the Court. [97] at 13. Such allegations do not correspond to any of the categories from the UDTPA which require "some form of a representation." *See Lynch Ford, Inc. v. Ford Motor Co.*, 957 F. Supp. 142, 147 (N.D. Ill. 1997); *see also* 815 ILCS 510/2(1)-(12). As such, Defendant's Counterclaim Count III should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court dismiss Defendant's Counterclaims.

Dated this 19th day of August 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to all attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Stussy, Inc.*